# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVON JOHNSON, and<br><br>IZAIAH FLOOD,<br><br>　　　　　Defendants. | Case No. 2:24-cr-00112-RFB-NJK<br><br>**PROTECTIVE ORDER** |

THIS MATTER HAS COME BEFORE THIS COURT on a stipulation for a protective order concerning the disclosure of discovery material to defendants Davon Johnson and Izaiah Flood in the above-captioned matter. In light of the confidential information that is the subject of this stipulation, the Stipulation for a Protective Order is GRANTED.

IT IS HEREBY ORDERED:

　　　1.　　Any and all discovery material the government produces to defendants and marked as "SUBJECT TO PROTECTIVE ORDER" shall be reviewed only by (i) the defendants; (ii) the defendants' attorney or attorneys of record in the above-captioned case; (iii) employs or agents of those attorneys; (iv) a photocopying or data processing service to whom it is necessary that the defendants provide the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this case; (v) witnesses or potential witnesses; and (vi) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case. These recipients shall be described collectively herein as the "DEFENSE TEAM."

2. No discovery material or copies of any discovery material marked as "SUBJECT TO PROTECTIVE ORDER" shall be provided to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court. Nor shall the contents of any discovery material be disclosed, in any other matter, to an individual or entity, including members of the news media, except as provided in this Order, as has been agreed by the parties, or as further ordered by the Court.

3. The DEFENSE TEAM shall use discovery material marked as "SUBJECT TO PROTECTIVE ORDER" solely for the preparation of trial, direct appeal (if any), and collateral attack (if any) of this case and for no other purpose whatsoever. No additional copies of any such discovery material shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the defendants or their attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative.

4. Within sixty days following the conclusion of these proceedings, or any direct appeal or collateral attack of this case, the discovery material disclosed pursuant to this Order and any duplicates made for purposes of preparation, trial, direct appeal, or collateral attack shall be either returned to the government or destroyed by the DEFENSE TEAM, unless the Court gives written permission for an exception to this requirement.

5. This Order also applies to any and all individuals to whom the DEFENSE TEAM, pursuant to this Order, show or disclose the contents or substance of any material subject to this Order. By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise

/ / /

/ / /

disclosed, submits herself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

IT IS SO ORDERED.

Dated: 8/22/2024            _____